PAUL MARKOWSKI v. THE STATE.

No. 4188. Decided June 2, 1909.

**Forgery—Insufficiency of the Evidence—Want of Fraudulent Intent.**

Where upon trial for forgery the evidence failed to show an intent to defraud, the same was insufficient to support a conviction.

Appeal from the District Court of Atascosa. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Geo. M. Martin, J. W. Preston* and *W. W. Walling,* for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

It is contended the evidence is not sufficient to support the conviction, for two reasons: first, the instrument alleged to have been forged was not introduced in evidence, and, second, there is a want of intent to defraud shown by the testimony. It is also contended the indictment is insufficient, there being a difference between the purport and tenor clause. Without taking up these matters seriatim, we are of opinion the evidence does not justify the verdict of the jury. Appellant was a Polander, employed by A. W. Williams. His employer owed him some money in excess of the amount set up in the forged instrument. It is further disclosed that appellant spoke to his employer with reference to buying a suit of clothes. The employed instructed his wife, as he was going away, to give the boy an order for some money, and she did so, signing the order for the amount of $2.50 upon a merchant with whom Mr. Williams dealt. The order was carried to the merchant by appellant, and while there he concluded to buy a suit of clothes, which cost $4. So he changed the order from $2.50 to $4.50 and bought the clothes, for which he paid $4. When his attention was called to the fact that he had 50 cents coming to him, he told the merchant to just let the 50 cents remain there. He took the clothes home and showed them to Mrs. Williams, the wife of his employer, and talked with her about his clothes. Williams testified, as did Mrs. Williams, that Mr. Williams owed the boy more money than the order called for, and that he talked with him about letting him have the order to make purchases at the store, and Mr. Williams stated while he did not authorize him to change the order from $2.50 to $4.50, that he would have given him an order for that amount or more, and that after the $4.50 was accounted for he was still indebted to the boy, and at the time of the trial was still indebted to him. There had not been a final settlement between them. We are of opinion that under this state of case there was wanting an intent to defraud, and the testimony shows clearly that there was wanting such intent. We are unwilling to see the boy go to the penitentiary on this character of testimony, and under the conditions presented by this record.

Believing there was no intent to defraud in the matter, we hold the facts insufficient and therefore reverse the judgment and remand the cause for another trial.

*Reversed and remanded.*